**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Timothy Lee PITT, Defendant-Appellant.**

No. 16-8078

United States Court of Appeals, Tenth Circuit.

Filed January 12, 2017

---

1. Bates did not object to these Guidelines calculations at the time, nor did he challenge them on direct appeal.

Jason M. Conder, Timothy W. Gist, Office of the United States Attorney, District of Wyoming, Lander, WY, David A. Kubichek, Esq., Office of the United States Attorney, District of Wyoming, Casper, WY, for Plaintiff-Appellee

Timothy Lee Pitt, Pro Se

Before LUCERO, MATHESON, and BACHARACH, Circuit Judges.

## ORDER DENYING A CERTIFICATE OF APPEALABILITY

Robert E. Bacharach Circuit Judge

Mr. Timothy Lee Pitt was convicted of federal drug offenses, including the use of a firearm during and in relation to a drug trafficking crime. *See* 18 U.S.C. § 924(c)(1)(A). For this crime, Mr. Pitt obtained a mandatory sentence enhancement of 60 months. Following sentencing, Mr. Pitt moved to vacate his 60-month sentence enhancement, invoking 28 U.S.C. § 2255.

The district court denied this motion, and Mr. Pitt wants to appeal. To do so, he seeks a certificate of appealability and leave to proceed in forma pauperis. We decline to issue a certificate of appealability, dismiss the appeal, and deny leave to proceed in forma pauperis.

To obtain a certificate of appealability, Mr. Pitt must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). Mr. Pitt would meet this standard only if "jurists of reason could disagree with the district court's resolution of his constitutional claims or ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

In his motion, Mr. Pitt argues that 18 U.S.C. § 924(c)(1)(A) is void for vagueness under *Johnson v. United States*, 576 U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). *Johnson* held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was void for vagueness. *Id.* at ——, 135 S.Ct. at 2563.

Mr. Pitt's sentence enhancement was based on the use of a firearm during a drug trafficking offense under 18 U.S.C. § 924(c)(1)(A). Section 924(c)(1)(A) provides a mandatory sentence enhancement for the use of a firearm in relation to any "crime of violence" or "drug trafficking crime." But Mr. Pitt's sentence enhancement was based on a "drug trafficking crime," not a "crime of violence," so *Johnson* does not apply. *See United States v. Teague*, No. 16–7056, 668 Fed.Appx. 340, 340–41, 2016 WL 4400069, at *1–2 (10th Cir. Aug. 17, 2016) (unpublished) (denying a certificate of appealability because *Johnson* did not affect the sentence enhancement under 18 U.S.C. § 924(c) for possessing a weapon during and in relation to a "drug trafficking crime").[1] Because *Johnson* does not apply, jurists could not reasonably debate the correctness of the district court's disposition. In these circumstances, we decline to issue a certificate of appealability and dismiss the appeal. In light of the absence of a reasonably debatable appeal point, we also deny leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(3); *Rolland v. Primesource Staffing, L.L.C.*, 497 F.3d 1077, 1079 (10th Cir. 2007).

---

1. *Teague* is persuasive, but not precedential.